UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER )<br>of the NEW ENGLAND TEAMSTERS AND )<br>TRUCKING INDUSTRY PENSION FUND )<br> )<br>Plaintiff, )<br> )<br>v. )<br> )<br>PYTKO CONSTRUCTION CORP. )<br> )<br>Defendant, )<br>_____ ) | C.A. No. 04cv12001NMG |

**PLAINTIFF'S MEMORANDUM IN SUPPORT OF HIS**
**MOTION FOR SUMMARY JUDGMENT**

This action is brought by Fund Manager Charles Langone on behalf of the New England Teamsters and Trucking Industry Pension Fund ("the Fund") for the collection of unpaid and delinquent pension contributions pursuant to the Employee Retirement Income Security Act of 1974 (ERISA"), 28 U.S.C. §1001, *et seq*. The claim is brought pursuant to ERISA §515, 29 U.S.C. §1145 and ERISA §502, 29 U.S.C. §1132(g)(2). Plaintiff, Charles Langone, respectfully submits this memorandum and attached Affidavits in support of his motion for summary judgment. The material facts are set forth in the accompanying statement of undisputed material facts.

**I. FACTS**

In brief, Trustee Langone brings this action in his capacity as a "fiduciary" of the Funds. (Undisputed Fact No. 1). The Fund is a multi-employer pension plan governed by ERISA. (Undisputed Fact No. 2). As set forth in the Affidavit of Fund Manager Charles Langone, Defendant, Pytko Construction Corp. ("Pytko" or "Defendant") has been a contributing employer to the Fund since 1995 pursuant to the Rhode Island Heavy Construction & Ready Mix Agreement and the Fund's Standard Participation Agreement. (Undisputed Fact No. 3). The company has

failed to pay contributions from January 2005 to date as well as accumulated late charges in the amount of $260.05 (Undisputed Fact No. 3 and 6).

As indicated in the Affidavit of Catherine Campbell, the undersigned, counsel for the Defendant negotiated a settlement agreement with the Fund setting forth a payment schedule for delinquent contributions, interest, late charges, fees and costs beginning on June 20, 2005 and binding the Defendant to remain current in the payment of its contributions for the month of May 2005 going forward. The Settlement Agreement was sent to Defendant's counsel on June 8, 2005. When neither the agreement was executed nor payment made by July 7, 2005, a letter was forwarded to Defendant's counsel giving Defendant until July 11, 2005 to sign the agreement and make payments. The letter made clear that the Settlement Agreement would be null and void and any future settlement would include statutory liquidated damages and the cost incurred by the Fund in filing this Motion for Summary Judgment. On July 13th and 15th, 2005, a signed agreement and copies of two checks were faxed to the undersigned. As of the date of this motion, one week later, the faxed checks have not been received by the Fund, and it does not appear that the money has been sent. (Undisputed Fact No. 5).

Consequently pursuant to Section 29 U.S.C. §1132(g)(2), relevant collective bargaining agreements and the Fund's Trust Agreement, Defendant owes to the Fund $11,820.95 in contributions, interest, liquidated damages, fees and costs. (Undisputed Fact No. 6).

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." F.R.C.P. 56(c). The moving party for summary judgment bears the initial burden of demonstrating the absence of a

genuine issue of material fact. *Perez De La Cruz v. Crowley Towing and Transportation Co.*, 807 F.2d 1084, 1086 (1st Cir., 1986), *cert. denied*, 487 U.S. 1050 (1987).

After the moving party meets its burden, the nonmoving party bears the burden of placing at least one material fact into dispute after the movant offers evidence of the absence of a genuine issue. *Darr v. Muratore*, 8 F.3d 854, 859 (1st Cir. 1993). Despite the strict standard of review, Plaintiff must prevail in this matter.

### III. ARGUMENT

A.  <u>DEFENDANT HAS FAILED TO MAKE EMPLOYEE BENEFIT CONTRIBUTIONS TO PLAINTIFF FUNDS IN VIOLATION OF ERISA §515</u>

ERISA §515 provides, "Every employer who is obligated to make contributions to a multi-employer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."

The Defendant corporation has failed to make contributions as required by its collective bargaining agreement with Teamsters Local Union 251 entitled the Rhode Island Heavy Construction & Ready Mix Agreement and the Fund's Standard Participation Agreement for the months of January through June 2005. It has also accumulated late charges in the amount of $260.05. Although the Trustees of the Fund had initially agreed to allow the Defendant to pay delinquencies, interest, fees and costs pursuant to a generous payment schedule (over twelve months), Defendant failed to execute the agreement in a timely manner and did not make payments required by the Agreement. Defendant has belatedly faxed the signed agreement and checks purporting to pay contributions, but no money has been received by the Fund. It appears this action was taken in an effort to delay the timely filing of this motion and to lull the Fund into inaction.

B. <u>DEFENDANT OWES THE FUNDS A TOTAL OF $12,057.90 IN DELINQUENT CONTRIBUTIONS, LIQUIDATED DAMAGES AND INTEREST THOUGH JULY 22, 2005</u>

ERISA §502(g)(2), 29 U.S.C. 1132(g)(2) provides,

"In any action under this title by a fiduciary for or on behalf of a plan to enforce §515 in which a judgment in favor of the plain is awarded, the court shall award the plan –

(A)     the unpaid contributions;
(B)     interest on the unpaid contributions;
(C)     an amount equal to the greater of –
        (i)     the unpaid contributions, or
        (ii)    liquidated damages provided for under the plan in an amount not in excess of 20% (or such higher percentage as may be permitted under Federal or State Law) of the amount determined by the court under subparagraph (A);
(D)     reasonable attorney's fees and costs of the action, to be paid by the defendant; and
(E)     such other legal or equitable relief as the court deems appropriate.

The Funds' calculation of the contributions, interest, liquidated damages owed by Defendant is set forth in the Affidavit of Charles Langone attached hereto and total $11,820.95 (Undisputed Fact No. 6). This includes fees and costs as set forth in the Affidavit of Catherine Campbell also attached hereto.

## **CONCLUSION**

For the foregoing reasons, the Plaintiff requests that its motion for summary judgment be granted and a judgment issue in favor of the Plaintiff in the total amount of $11,820.95 as set forth the attached proposed judgment.

Dated:  July 22, 2005            For the Plaintiff, CHARLES LANGONE, FUND MANAGER THE NEW ENGLAND TEAMSTERS INDUSTRY PENSION FUND
                                 By his Attorney,

                                 <u>/S/ Catherine M. Campbell</u>
                                 Catherine M. Campbell
                                 BBO# 549397
                                 Feinberg, Campbell & Zack, PC
                                 177 Milk Street
                                 Boston, MA 02109
                                 (617) 338-1976