UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, as FUND MANAGER of the NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND<br><br>Plaintiff,<br><br>v.<br><br>PYTKO CONSTRUCTION CORP.<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>)  C.A. No. 04cv12001NMG<br>)<br>)<br>)<br>)<br>)<br>) |

**AFFIDAVIT OF CATHERINE M. CAMPBELL IN SUPPORT
OF AWARD OF ATTORNEY'S FEES AND COSTS PURSUANT TO
<u>SECTION 502(g)(2) OF ERISA, 29 U.S.C. § 1132(g)(2)</u>**

Catherine M. Campbell deposes and says as follows:

1. I am a member of the law office of Feinberg, Campbell & Zack, P.C. located at 177 Milk Street, Boston, MA 02109. I am admitted to practice before the United States District Court for the District of Massachusetts, the United States District Court for the Northern District of California, the United States Court of Appeals for the First Circuit, the Massachusetts Supreme Judicial Court, and the California Supreme Court. I specialize in litigation under the Employee Retirement Income Security Act of 1974 (ERISA) and the Multiemployer Pension Plan Amendments Act of 1980 (MPPAA). I have acted as legal representative of the New England Teamsters and Trucking Industry Pension Fund ("the Fund") for the purposes of the above-captioned matter.

2. A settlement of this matter was negotiated with Defendant's counsel. An agreement was prepared and sent to the same on June 8, 2005. The agreement required payment of

delinquent contributions beginning on June 20, 2005.  (A true and correct copy of the Agreement is attached as Exhibit 1).

    3. The agreement was not executed by Defendant and payments were not made pursuant to the agreement by June 20, 2005.

    4. On July 7, 2005, a letter was mailed and faxed to counsel for the Defendant indicating that the agreement was null and void in light of Defendant's failure to sign the document or make contribution payments unless payments were made by July 11, 2005.  A true and correct copy of the letter is attached as Exhibit 2.

    5. On July 13, 2005, Defendant's counsel sent a letter to the undersigned with the signed settlement agreement and a promise that contributions would be made by the end of the week.  A request for an extension of the filing of this Motion for Summary Judgment was made to this Court until today, Friday, July 22, 2005.

    6. On or about July 15, 2005, Defendant's counsel sent a second letter with a copies of the checks allegedly to be sent to the Fund within a few days.  A true and correct copy is attached as Exhibit 3.

    7. As of this date, no contribution payments have been received by either the Fund office or the office of the undersigned.

    8. Under the terms of the Settlement Agreement, Defendant agreed to reimburse the Fund for costs and fees in the amount of $1,387.00.  As a result of the failure of the Defendant to timely execute the agreement and make payments thereunder, the Fund has additional fees of $1,527.50 as indicated below charged at a rate of $235 per hour.

| | |
|---|---|
| 3.5 | July 12, 2005 Preparation of Motion for Summary Judgment |
| .5 | July 15, 2005 Telephone conference with Defendant counsel and preparation of Motion to Extend Time to File Motions for Summary Judgment. |
| 2.5 | July 21, 2005 Edit of Motion for Summary Judgment |

9. The total attorneys fees and costs are $2,914.50.

I DECLARE UNDER PENALTIES OF PERJURY THAT THE FOREGOING IS TRUE AND CORRECT THIS 22nd DAY OF July 2005.

/S/ Catherine M. Campbell
Catherine M. Campbell
BBO #549397