UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CHARLES LANGONE, AS FUND            )
MANAGER OF THE NEW ENGLAND          )
TEAMSTERS AND TRUCKING              )
INDUSTRY PENSION FUND               )
                                    )
                                    )   C.A. No. 04cv12001NMG
         v.                         )
                                    )
PYTKO CONSTRUCTION CORP.            )

## DEFENDANT PYTKO CONSTRUCTION CORP.'S OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND MEMORANDUM OF LAW IN SUPPORT OF OPPOSITION TO MOTION FOR SUMMARY JUDGMENT

Defendant, Pytko Construction Corp. ("Pytko") opposes Plaintiff's Motion For Summary Judgment. This Court should deny plaintiff's motion for three reasons. First there is a question of fact as to whether there is a valid and enforceable settlement agreement between the parties.

Second, Plaintiff has failed to explain to this Court how it determined that Pytko owes contributions in the amount of $7,084.37 and total damages in the amount of $11,820.95. Plaintiff, in its memorandum, refers this Court to Mr. Langone's Affidavit. Mr. Langone, in turn, refers this Court to Ms. Campbell's Affidavit. Ms. Campbell in turn also offers no explanation for these numbers. Since it is impossible to determine the amount in contributions owed based on plaintiff's supporting materials, it is likewise impossible to determine the amount of any interest or liquidated damages owed to the plaintiff.

Finally, Pytko has paid the Plaintiff for the January through May 2005 contributions. Pytko's banking records show that the plaintiff has deposited Pytko's check for January through May 2005 contributions. Accordingly, even if there was no

valid and enforceable settlement agreement in effect and Plaintiff had proffered evidence in support of the amount of contributions allegedly owed, Plaintiff's claim must be reduced to reflect the recently posted payments of the contributions, attorney's fees and costs.

Pytko's position is set forth in full below.

I. FACTS

On or about September 15, 2004, Plaintiff filed this action against Pytko pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001 et. seq.

As of May 2005, Pytko was behind on its contributions for the months of January through April 2005. The parties (through counsel) entered into settlement discussions. The parties exchanged written settlement offers in letters dated May 16 and May 23, 2005. Affidavit of Roger N. LeBoeuf, Esq., paragraph 2 (hereafter "LeBoeuf Aff. ¶ 2"). Pytko's counsel advised by letter dated May 24 that Pytko accepted the Plaintiff's counteroffer. LeBoeuf Aff. Exh. A. The Fund's counsel, Catherine M. Campbell, advised by letter dated June 8 that, "[t]he Trustees of the New England Teamsters and Trucking Industry Pension Fund have agreed to accept the settlement proposal of Pytko Construction Corp." LeBoeuf Aff. Exh. B. Ms. Campbell attached a proposed settlement agreement outlining the parties agreement. Id.

Under the terms of the Settlement Agreement, Pytko has agreed that it would pay the January 2005 contributions by on or before June 20, 2005, February 2005 contributions by on or before July 20, 2005, March 2005 contributions by on or before August 20, 2005 and April 2005 contributions by on or before December 20, 2005. A true and accurate copy of the settlement agreement is attached as Exhibit "A" to the Affidavit of Paul F. Pytko. Pytko has agreed to pay outstanding late charges, attorney's fees and costs in the amount of $1,623.95 payable in twelve (12) monthly installments of $135.33 per month beginning June 20, 2005 through May 20, 2006. Id. Pytko has also agreed to make pension contributions to the Fund on a timely basis beginning with the contributions for May 2005 work due on June 20, 2005. Id.

2

There is a ten (10) day grace period on all payments. Thereafter, the Fund is to provide ten (10) days notice to Pytko as to any default. The Fund agreed to dismiss this action within ten (10) days of the execution of the settlement agreement by Pytko.

As set forth in Plaintiff's motion, Plaintiff advised by letter dated Thursday July 7 that the Fund would consider the settlement agreement null and void if the Settlement Agreement was not signed and Pytko did not forward all payments then due and owing by July 11, 2005. Affidavit of Catherine M. Campbell In Support Of Award Of Attorney's Fees And Costs Pursuant To Section 502(g)(2) Of ERISA, 29 U.S.C. § 1132(g)(2), Exhibit # 2 (hereafter "Campbell Aff. Exh. # 2"). By letter dated July 13, 2005, Pytko's counsel sent a copy of the settlement agreement signed by Pytko and stated that, "Pytko has advised that they will send out the check for the January and February 2005 contributions and the $135.33 payment by the end of this week." LeBoeuf Aff. Exh. C.

By fax dated July 15, 2005, Pytko's counsel stated that, "Pytko has advised that the attached checks are going out to your client in today's mail. Please call me if you do not get these checks within the next couple of days . . ." LeBoeuf Aff. Exh. D. The copies of the two attached checks were Pytko Check No. 44421, dated July 15, 2005 in the amount of $135.33 and Pytko Check No. 44420, dated July 15, 2005 in the amount of $4,890.91. Id. The vendor reference portion of Pytko's check clearly indicates that the $4,890.91 payment was for contributions for the months of January, February, March, April and May 2005. Id.

Pytko's $4,890.91 payment was in fact well above and beyond the amount that Pytko was required to pay at that time under the terms of the settlement agreement. The payment for February contributions was not due until July 20. Pytko Aff. Exh. # 1, ¶ 2. The payment for March contributions was due on August 20. Id. The payment for April contributions was due on December 20, 2005. Id. With the $4,890.91 payment, Pytko has completed all of its obligations under the settlement agreement except for: (1) payments of current contributions and (2) to pay the remaining $135.33 monthly installment payments through May 20, 2006.

On July 15, Plaintiff filed a Motion For Extension Of Time To File Motion For Summary Judgment from July 15, 2005 to July 22, 2005. LeBoeuf Aff. Exh. E. Plaintiff

stated as grounds in support of the motion that, "[t]his action is for collection of delinquent contributions to an ERISA employee benefit fund, and Defendant has proposed a payment schedule. Additional time is necessary to coordinate a potential settlement of this matter." This Court granted plaintiff's motion on July 19. Id.

Ms. Campbell's office advised Pytko's counsel by email dated July 20, 2005 that the Fund did not receive Pytko's checks and inquired into the status. LeBoeuf Aff. Exh. F. Pytko's counsel replied by email later that day that he would contact Pytko and inquire into the status of the checks. LeBoeuf Aff. Exh. G.

The following day, July 21, 2005, Pytko's counsel received the following docket entry from the Court's ADR program.

> REPORT of Alternative Dispute Resolution Program.
> The case was reported settled after referral to the ADR
> Program, but prior to ADR. (Franklin, Yvonne).

LeBoeuf Aff. Exh. H.

Pytko's counsel did not report the case "settled." LeBoeuf Aff. ¶ 11. Pytko's counsel therefore assumed that Plaintiff had received the check and that Ms. Campbell's office had reported the case settled. LeBoeuf Aff. ¶ 12.

Pytko was therefore alarmed to learn that Plaintiff had filed this motion for summary judgment on July 22, 2005.

Pytko has contacted its bank to investigate the status of Check Nos. 44421 and 44420. Pytko Aff. ¶ 4. According to a statement received from Citizens bank, the Plaintiff has received and deposited both checks. Pytko Aff. Exh. D. The checks were posted to Pytko's account on August 1, 2005. It is unclear as to when the plaintiff received the checks.[1]

---

[1] Pytko's counsel has been in contact with Ms. Campbell since the filing of plaintiff's motion on July 22. Pytko's counsel called Ms. Campbell this week before filing this Opposition but was advised that Ms. Campbell is currently on vacation. The undersigned will contact Ms. Campbell upon her return and will continue to work to resolve this matter without additional court intervention.

4

II.     ARGUMENT

    A.  Plaintiff's Motion For Summary Judgment Should Be Denied As There Is A Question Of Fact As To Whether There Is A Valid And Enforceable Settlement Agreement In Effect

Plaintiff's motion should be denied because there is, at a minimum, a question of fact as to whether there is a valid and enforceable settlement agreement between the parties. Plaintiff's counsel filed a motion to enlargement of time to file their motion for summary judgment based on this agreement and apparently may have reported this matter settled to the Court's ADR administrator one day before filing a motion for summary judgment. Pytko has in fact paid all delinquent contributions for January through April 2005 even though Pytko was not required to make some of these contribution payments until as late as December 20, 2005. The July 15 checks were posted to Pytko's account on August 1, but it is unclear as to when the Plaintiff received those checks.

There is a question of fact as to whether there is a valid and enforceable settlement agreement still in effect. Plaintiff's motion for summary judgment should be denied.

    B.  Plaintiff's Motion For Summary Judgment Should Be Denied As Plaintiff Has Provided No Supporting Basis For Its Allegation That Pytko Owes Contributions Of $7,084.37 And Total Damages In The Amount Of $11,820.95 And There Are Questions Of Fact As To Any Amount Owed

Plaintiff has provided absolutely no support for its contention that Pytko owes contributions totaling $7,084.37 and total damages in the amount of $11,820.95. Plaintiff states on page 4 of its memorandum that, "[t]he Funds' calculation of the contributions, interest, liquidated damages owed by Defendant is set forth in the Affidavit of Charles Langone attached hereto and total $11,820.95." Mr. Langone, in turn, refers to a "summary submitted to Fund counsel" and Ms. Campbell's affidavit stating that, "[b]ased upon the summary submitted to Fund counsel (see Campbell Affidavit), contributions for

these months total $7,084.37."[2] Plaintiff did not attach this "summary' to any of its motion papers and Ms. Campbell did not refer to this "summary" in her affidavit.

There is not one shred of evidence to support Mr. Langone's conclusory statement in his affidavit that Pytko owes $7,084.37 in outstanding contributions. Since the Fund has provided absolutely no evidence in support of the amount of contributions allegedly owed to the Fund, this Court is also unable to determine the amount of any interest or liquidated damages that would be owed to plaintiffs. Plaintiff has not met its Rule 56 burden as to the amounts allegedly owed and its motion should be denied.

### C. Pytko Is Entitled To A Credit For Checks Nos. 44421 and 44420

Finally, as discussed in the affidavit of Paul F. Pytko, Pytko has made payments to the Plaintiff for contributions for the months of January through May 2005 totaling $4,890.81, and for attorney's fees, interest and costs in the amount of $135.23. The Plaintiff has deposited Pytko's check. Accordingly, even if there was no valid and enforceable settlement agreement between the parties and if Plaintiff had introduced evidence as to the amount of contributions allegedly owed, Pytko would be entitled to a credit for the $4,890.81 in contributions and $135.23 in late charges, attorney's fees and costs.

### III. CONCLUSION

Wherefore, for the above stated reasons, Pytko respectfully requests that this Court deny Plaintiff's Motion For Summary Judgment.

---

[2] Mr. Langone states with respect to the June 2005 contributions (due on July 20, 2005) that, "[c]ontributions for the month of June 2005 have not been reported to the Fund and have been estimated based upon an average of six months of contributions paid prior to the July delinquency." However, Mr. Langone has not specified the amount that he believes is owed for June contributions, has not provided any calculation of this amount and has introduced no supporting evidence in support of this number or his calculations.

6

PYTKO CONSTRUCTION CORP.
By its Attorneys,

/s/ Thomas W. Heald
_____
Thomas W. Heald, BBO # 549308
Roger LeBoeuf, BBO # 628361
HEALD & LEBOEUF, LTD.
606 Old Colony House
58 Weybosset Street
Providence, RI 02903-2817
Tel: (401) 421-1500
Fax: (401) 331-5886
Email: rnl@healdandleboeuf.com

## CERTIFICATION

I hereby certify that I have mailed a true copy of the within <u>Memorandum</u> to Catherine M. Campbell, Esq. Feinberg, Campbell & Zack, P.C., 177 Milk Street, Suite 300, Boston, MA 02109 this 5th day of August, 2005.

_____