UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CHARLES LANGONE, AS FUND MANAGER OF THE NEW ENGLAND TEAMSTERS AND TRUCKING INDUSTRY PENSION FUND <br><br> v. <br><br> PYTKO CONSTRUCTION CORP. | ) ) ) ) ) ) ) C.A. No. 04cv12001NMG ) ) ) ) |

### DEFENDANT PYTKO CONSTRUCTION CORP.'S STATEMENT OF FACTS AS TO WHICH THERE IS A GENIUNE ISSUE TO BE TRIED

Defendant, Pytko Construction Corp. ("Pytko") hereby submits the following statement of the material facts of record as to which defendant contends that there is a genuine issue to be tried.

1. The parties entered into a settlement agreement resolving the above noted action. Pytko's counsel advised by letter dated May 24 that Pytko accepted the Plaintiff's counteroffer. The Fund's counsel, Catherine M. Campbell, by letter dated June 8, 2005, confirmed that the Trustees of the New England Teamsters Trucking Industry Pension Fund had accepted the settlement entered into by the parties. LeBoeuf Aff. Exh. A, B.

2. Under the terms of the Settlement Agreement, Pytko has agreed that it would pay the January 2005 contributions by on or before June 20, 2005, February 2005 contributions by on or before July 20, 2005, March 2005 contributions by on or before August 20, 2005 and April 2005 contributions by on or before December 20, 2005. Pytko has agreed to pay outstanding late charges, attorney's fees and costs in the amount of $1,623.95 payable in twelve (12) monthly installments of

$135.33 per month beginning June 20, 2005 through May 20, 2006. Pytko has also agreed to make pension contributions to the Fund on a timely basis beginning with the contributions for May 2005 work due on June 20, 2005. There is a ten (10) day grace period on all payments. Thereafter, the Fund is to provide ten (10) days notice to Pytko as to any default. The Fund agreed to dismiss this action within ten (10) days of the execution of the settlement agreement by Pytko. Pytko Aff. Exh. A.

3. By letter dated July 13, 2005, Pytko's counsel sent a copy of the settlement agreement signed by Pytko and stated that, "Pytko has advised that they will send out the check for the January and February 2005 contributions and the $135.33 payment by the end of the week." LeBoeuf Aff. Exh. C.

4. By fax dated July 15, 2005, Pytko's counsel stated that, "Pytko has advised that the attached checks are going out to your client in today's mail. Please call me if you do not get these checks within the next couple of days." The copies of the two attached checks were Pytko Check No. 44421, dated July 15, 2005 in the amount of $135.33 and Pytko Check No. 44420, dated July 15, 2005 in the amount of $4,890.91. The vendor reference portion of Pytko's check clearly indicates that the $4,890.91 payment was for contributions for the months of January, February, March, April and May 2005. LeBoeuf Aff. Exh. D; Pytko Aff. ¶ 3; Pytko Aff. Exh. B, C.

5. Pytko's $4,890.91 payment was in fact well above and beyond the amount that Pytko was required to pay at that time under the terms of the settlement agreement. Pytko Aff. Exh. # 1, ¶ 2.

6. Notwithstanding plaintiff's prior threat to declare the settlement agreement null and void if the Settlement Agreement was not signed and Pytko did not forward all payments due and owing by July 11, 2005, plaintiff, through counsel, filed a <u>Motion For Extension Of Time To File Motion For Summary Judgment</u> from July 15, 2005 to July 22, 2005. Plaintiff states as grounds in support of the motion that, "[t]his action is for collection of delinquent contributions to an ERISA employee benefit fund, and Defendant has proposed a payment schedule.

Additional time is necessary to coordinate a potential settlement of this matter." Campbell Aff. Exh. # 2; LeBoeuf Aff. Exh. C.

7. Pursuant to the docket entry entered by this Court on July 21, 2005, this case was reported settled. LeBoeuf Aff. Exh. H.
8. Pytko's counsel did not report the case settled. LeBoeuf Aff. ¶ 11.
9. The plaintiff funds received and deposited Pytko Check Nos. 44421 and 44420 sometime on or before August 1, 2005. Pytko Aff. ¶ 4; Pytko Aff. Exh. D.
10. Pytko has paid the plaintiff for January, February, March, April and May 2005 contributions. Pytko Aff. ¶ 4; Pytko Aff. Exh. D.
11. Pytko has paid the plaintiff $135.23 of the Plaintiff's late charges, attorney's fees and costs in this matter. Pytko Aff. ¶ 4; Pytko Aff. Exh. D.

PYTKO CONSTRUCTION CORP.
By its Attorneys,

_____
Thomas W. Heald, BBO # 549308
Roger LeBoeuf, BBO # 628361
HEALD & LEBOEUF, LTD.
606 Old Colony House
58 Weybosset Street
Providence, RI 02903-2817
Tel: (401) 421-1500
Fax: (401) 331-5886
Email: rnl@healdandleboeuf.com

### CERTIFICATION

I hereby certify that I have mailed a true copy of the within Memorandum to Catherine M. Campbell, Esq. Feinberg, Campbell & Zack, P.C., 177 Milk Street, Suite 300, Boston, MA 02109 this 5th day of August, 2005.

_____

3