## SETTLEMENT AGREEMENT

This Settlement Agreement ("Agreement") is entered into between the New England Teamsters and Trucking Industry Pension Fund (the "Fund") and Pytco Construction Corp ("Pytco").

WHEREAS, Pytco was party to collective bargaining agreements which obligated it to make contributions to the Fund; and

WHEREAS, Pytco has not paid pension contributions to the Fund for the months of January 2005 to date; and

WHEREAS, Pytco has outstanding late charges in the amount of $236.95 and owes to the Fund attorneys fees and costs in the amount of $1,387.00 for a total of $1,623.95; and

WHEREAS, the Fund filed a Complaint to collect unpaid contributions in the United States District Court for the District of Massachusetts, entitled *Charles Langone, as Fund Manager of the New England Teamsters and Trucking Industry Pension Fund v. Pytco Construction Corp.*, Case No. C.A. No. 04cv12001 NMG (the "Civil Action"); and

WHEREAS, the Fund and Pytco are desirous of settling all disputes;

NOW THEREFORE, in consideration of the mutual undertakings set forth below, it is agreed by the Fund and Pytco as follows:

## PAYMENT

1.    In consideration of the dismissal of the Civil Action and the remaining promises set forth in this Agreement, Pytco agrees to make pension contributions to the Fund for the months of May 2005 and continuing on a timely basis as set forth in its

EXHIBIT A

collective bargaining agreement with Local 251 and the Fund's Agreement and

Declaration of Trust;

    2.    Pytco will pay the delinquent contributions to the Fund as follows:

| Contributions | Paid On or Before |
|---|---|
| January 2005 | June 20, 2005 |
| February 2005 | July 20, 2005 |
| March 2005 | August 20, 2005 |
| April 2005 | December 20, 2005 |

Pytco acknowledges that late charges will be incurred as a result of the late

payment of the above contributions and agrees to pay such charges within ten days of

Pytco's receipt of the late charge notice.

    3.    Outstanding late charges, attorneys fees and costs in the amount of

$1,623.95 will be paid at $135.33 per month beginning June 20, 2005 and payable on the

20th of each month thereafter through May 20, 2006.

    4.    Checks for all contributions and late charges will be made payable to the

New England Teamsters and Trucking Industry Pension Fund and sent directly to P.O.

Box 3469, Boston, MA 02241-3469.

    5.    If Pytco fails to make any payments required in this agreement within ten

(10) days of the due dates set forth in paragraphs one through three of this agreement,

Pytco will be in default of the terms of this agreement. If Pytco fails to rectify the default

within ten (10) days of notice of the default to Pytco's counsel, Pytko shall be liable for

liquidated damages equal to 20% of the principal now due as well as all other damages

that may be owed pursuant to with Section 502 of ERISA, 29 U.S.C. §1132(g)(2). Notice

will be made to Pytco's counsel Roger LeBoeuf at Heald & Le Boeuf, Ltd., 58

Weybosset St., Suite 606, Providence, RI 02903.

6.    The Fund does not waive its right to conduct a payroll audit of Pytco for any and all periods covered by this agreement and to pursue additional contributions which may be owed pursuant to such audit.

7.    The Fund will dismiss the Civil Action within ten (10) days of the execution of this document by Pytco.

8.    This Agreement may not be altered, amended, modified or otherwise changed in any respect whatsoever, except by a dated writing duly executed by the parties to this Agreement or their authorized representatives. No provision of this Agreement may be waived orally or by the parties' conduct.

9.    This Agreement shall be deemed to have been entered into in Boston, Massachusetts. This Agreement shall be governed by and construed in accordance with the laws of the Commonwealth of Massachusetts without reference to conflict of laws, rules, or principles and without regard to the present or future domiciles of the parties.

10.    This Agreement shall be enforceable in the United States District Court for the District of Massachusetts. The parties also waive any right to dispute the exercise of personal jurisdiction by the United States District Court for the District of Massachusetts.

11.    This Agreement is the result of joint negotiation and preparation. Thus, any ambiguity or lack of clarity shall not be construed against any party by virtue of the fact that the specific language at issue may have been, or was, prepared by that party.

12.    The parties signing below represent and warrant that they have actual authority to bind their respective parties:

**NEW ENGLAND TEAMSTERS**
**AND TRUCKING INDUSTRY**
**PENSION FUND**

By:_____
        Name: Catherine Campbell
        Title: Attorney
        Dated:

**PYTCO CONSTRUCTION CO.**

By:_____
        Name: Paul F. Pytko
        Title: President- *Vice President*
        Dated:

**EXHIBIT A**